# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ELAINE SCHAMBERGER and
GEORGE SCHAMBERGER,

                **Plaintiffs,**

   **and**                                             Case No. 06-C-1023

MICHAEL LEAVITT, SECRETARY OF
THE DEPARTMENT OF HEALTH &
HUMAN SERVICES, AETNA LIFE
INSURANCE COMPANY,

                **Involuntary Plaintiffs,**

   **v.**

UNITED STATES OF AMERICA,

                **Defendant.**

## DECISION AND ORDER

      Elaine Schamberger and George Schamberger filed this lawsuit against the United States of America for injuries and damages allegedly sustained as a result of an accident with a Postal Service employee. The complaint alleges that the Postal Service employee negligently backed her vehicle into Elaine Schamberger and caused her permanent physical injuries. Elaine Schamberger filed an administrative claim with the Postal Service, which was subsequently denied. Her husband, George Schamberger, did not file an administrative complaint, but first asserted a loss of consortium claim in this lawsuit. The government filed a motion to dismiss George Schamberger from this suit because he did not first exhaust his administrative remedies.

Under the Federal Tort Claims Act ("FTCA"), a person who was harmed by the negligence of a federal government employee is required to first present an administrative claim to the appropriate federal agency before he is authorized to bring suit. 28 U.S.C. § 2675(a). George Schamberger failed to satisfy that requirement. Nevertheless, he argues that the Court should exercise supplemental jurisdiction over his claim because it is so related to his wife's claim that they form the same case or controversy. 28 U.S.C. § 1367.

The Court agrees that it has jurisdiction over George Schamberger's claim, but the requirement to first exhaust administrative remedies is not a jurisdictional question. *See Frey v. E.P.A.*, 270 F.3d 1129, 1135-36 (7th Cir. 2001) (dictum). The administrative exhaustion requirement is a condition of Congress' waiver of sovereign immunity, and the Supreme Court has held in other contexts that a failure to comply with statutory limits on a waiver of sovereign immunity is not jurisdictional in nature. *Id.* at 1135 (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 93-95 (1990)).

George Schamberger also argues that even if the exhaustion requirement is not a jurisdictional question, Elaine Schamberger's administrative action gave the Postal Service notice that he could possibly allege loss of consortium. He asserts that a reasonable review of his wife's administrative action would have alerted the Postal Service that he was married to Elaine Schamberger and that a loss of consortium was forthcoming.

George Schamberger's argument is unavailing. Any condition of the government's waiver of sovereign immunity must be strictly construed. *See Irwin*, 498 U.S. at 94. The FTCA conditions waiver of sovereign immunity on "the *claimant* . . . first present[ing] the

2

claim to the appropriate Federal agency . . . ." 28 U.S.C. § 2675(a) (emphasis added). George Schamberger is the "claimant" of his loss of consortium claim, but he did not first present that claim to the proper administrative agency. Sovereign immunity, therefore, precludes him from asserting that claim against the United States.

There is one final issue to address. Even though the parties do not dispute that George Schamberger failed to file his claim before an administrative agency, dismissal pursuant to Rule 12(b)(6) is inappropriate because the motion involves evidence outside of the pleadings. The Court must treat the motion, therefore, as one for summary judgment. *See* Fed. R. Civ. P. 12(b).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The United States' Motion to Dismiss (Docket No. 16) is **CONVERTED** into a motion for summary judgment. The motion for summary judgment is **GRANTED**. George Schamberger is **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2007.

                                                          **BY THE COURT**

                                                          s/ Rudolph T. Randa
                                                          **Hon. Rudolph T. Randa**
                                                          **Chief Judge**